UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| URIEL ENRIQUEZ PINEDA, | ) |
| *Petitioner*, | ) |
| v. | ) No. 1:26-cv-00016-CMS |
| KRISTI NOEM, Secretary of the United States Department of Homeland Security, et al., | ) |
| *Respondents*. | ) |

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Uriel Enriquez Pineda, a citizen of Mexico, has lived in the United States for 16 years but has never been lawfully admitted into the country. *See* (Doc. 1 at 4). He is currently detained, awaiting immigration proceedings. *Id.* Enriquez Pineda petitions the Court for a writ of habeas corpus, asking the Court to order Respondents (collectively, "the Government") to either release him or give him an individualized bond hearing, in addition to other relief. *Id.* at 18. The parties disagree over which section of Title 8 governs Enriquez Pineda's case, Section 1225(b)(2) or Section 1226(a). *Id.* at 17–18; (Doc. 9 at 5). If Section 1225(b)(2) governs, then the Government must detain Petitioner without bond. If Section 1226(a) governs, then an individualized bond hearing may be permitted in some circumstances.

For the reasons stated below, Section 1225(b)(2) dictates the outcome of this

case and requires detention of Petitioner Enriquez Pineda without bond pending his immigration proceedings. The Court denies the petition for a writ of habeas corpus. (Doc. 1).

## Factual Background

The facts are not in dispute. Enriquez Pineda is neither a citizen nor a national of the United States. (Doc. 1 at 4). He is a citizen of Mexico. *Id.* He entered the United States without inspection in 2010 and has been in the United States ever since. *Id.* at 1. Immigration and Customs Enforcement detained Enriquez Pineda on January 21, 2026, and he has been in custody since that date. *Id.* He is currently being detained by Immigration and Customs Enforcement at the Ste. Genevieve, Missouri, Detention Center. *Id.*

Enriquez Pineda filed this petition on January 27, 2026, asserting that his detention violates his rights to due process under the United States Constitution and the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq. Id.* at 18. He requests the following relief: a declaration that the Government's actions to detain him violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act; a writ of habeas corpus pursuant to 28 U.S.C. § 2241; an order for the immediate release of Petitioner or an order for the Government to schedule a bond hearing for Petitioner's removal proceedings within five days of the order; an award for reasonable attorneys' fees and costs for the action; and such further relief as the Court deems just and proper. *Id.*

## Analysis

*8 U.S.C. § 1225 Applies to Petitioner Enriquez Pineda.*

As the Supreme Court has noted, "'[h]abeas is at its core a remedy for unlawful executive detention.'" *Dept. of Homeland Sec'ty v. Thuraissigiam*, 591 U.S. 103, 119 (2020) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)) (alteration in original). Petitioner Enriquez Pineda asks the Court to order his release or, alternatively, that he be granted an individualized bond hearing under the framework of 8 U.S.C. § 1226(a). *See* (Doc. 1 at 18).

The dispositive question is whether Section 1225(b)(2) or Section 1226(a) governs Enriquez Pineda's detention. While the latter section generally permits bond, the former does not: "aliens falling within the scope of § 1225(b)(2) 'shall be detained for a [removal] proceeding.'" *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (quoting 8 U.S.C. § 1225(b)(2)) (alteration in original).

The Government argues that Section 1225(b)(2) applies in this case. That section requires, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). According to the United States Supreme Court, "[r]ead most naturally, §§ 1225(b)(1) and (b)(2) . . . mandate detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297.

By contrast, Enriquez Pineda argues that Section 1226(a) applies. Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be

3

arrested and detained pending a decision on whether the alien is to be removed from the United States." Section 1226(a)(2)(A) further allows that the Attorney General "may" release the alien on bond. *Jennings*, 583 U.S. at 303 ("Section 1226(a) also permits the Attorney General to release those aliens on bond").

This Court already has decided this question in two previous opinions with nearly identical facts, *Negrete Ramirez v. Noem*, 2026 WL 251725, at *4 (E.D. Mo. Jan. 30, 2026), and *Zhuang v. Bondi*, 2026 WL 352872, at *4–5 (E.D. Mo. Feb. 9, 2026). *See also Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) (Divine, J.); *Suarez v. Noem*, 2025 WL 3312168 (E.D. Mo. Nov. 28, 2025) (Divine, J.); *Cutiopala v. Noem*, 2026 WL 113567 (E.D. Mo. Jan. 15, 2026) (Lanahan, J.); *Bushuev v. Imm. & Customs Enforcement*, 2026 WL 352873 (E.D. Mo. Feb. 9, 2026) (Lanahan, J.). The Fifth Circuit has similarly held that Section 1225(b)(2) applies in these circumstances. *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *9 (5th Cir. Feb. 6, 2026). The Court adopts its prior reasoning and finds the Fifth Circuit's decision persuasive. Therefore, this Court holds that Section 1225(b)(2) applies to Enriquez Pineda as an "applicant for admission."

Notwithstanding Petitioner's argument to the contrary, a decision from the Central District of California, *Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), does not bind this Court. Enriquez Pineda claims that he belongs to the "Bond Eligible Class" purportedly certified in that case, but *Bautista*, 2025 WL 3713987, rests on faulty reasoning. This is a habeas petition, and "for core habeas petitions challenging present physical confinement, jurisdiction lies

4

in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). Enriquez Pineda is admittedly confined in a facility in Ste. Genevieve County, Missouri, within this District. (Doc. 1 at 4). Put simply, the District Court for the Central District of California has no jurisdiction over Enriquez Pineda's petition or any other habeas petition outside that district, and it concedes as much in its opinion. *See Bautista*, 2026 WL 323330, at *30 ("The Court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district."). The *Bautista* decision is not binding here. *See Ramirez v. Holt*, 2026 WL 226964, at *7 (E.D. Ky. Jan. 28, 2026); *see also R.C.M. v. Warden, Stewart Det. Ctr.*, 2026 WL 147698, at *1 n.1 (M.D. Ga. Jan. 20, 2026).

For all of these reasons, Section 1225(b)(2) applies, and Petitioner Enriquez Pineda must be detained pending removal proceedings.

*Petitioner's Detention Does Not Violate
the Fifth Amendment to the United States Constitution.*

Enriquez Pineda also argues for a declaratory judgment that his detention without an individualized custody determination violates the Due Process Clause of the Fifth Amendment. (Doc. 1 at 6–7, 15–17). The Court already has analyzed this claim as well and concluded that mandatory detention under 8 U.S.C. § 1225 does not violate due process. *See Negrete Ramirez*, 2026 WL 251725, at *4–5 (citing *Demore v. Kim*, 538 U.S. 510, 527–28 (2003)).

The Government has not denied Petitioner due process by detaining him

without a bond hearing pending removal proceedings.

### Conclusion

Petitioner Enriquez Pineda's detention is mandated by Section 1225(b)(2) and does not violate the Due Process Clause of the Fifth Amendment. He is lawfully detained pending removal proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DENIED**.

Dated this 23rd day of February, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE